**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ISRAEL TELLEZ, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-04-1400-F |
| ) | |
| OKLAHOMA CITY UNIVERSITY, ) | |
| a not-for-profit corporation, ) | |
| ) | |
|     Defendant. ) | |

**ORDER**

Defendant OCU's Motion for Summary Judgment, filed May 2, 2005, is before the court (docket entry no. 19). Plaintiff Israel Tellez has responded, and the motion is ready for determination.

I.  Standards

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the

moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

## II.  Discussion

The court finds that the following facts are undisputed.

In this action, plaintiff Israel Tellez realleges each of the three claims alleged by him against Oklahoma City University in a previous action in this court.  This Order refers to the prior action, CIV-03-1172-F, as "Tellez I," and refers to the instant action as "Tellez II."  The three claims alleged in Tellez I and II are:  1) a disability discrimination claim brought under the Americans with Disability Act and the Rehabilitation Act (identified as count I in both cases); 2) a breach of contract claim (identified as count II in both cases); and 3) a claim for negligent infliction of emotional distress (identified as count III in both cases).

In Tellez I, on December 31, 2003, after briefing by both parties and a full evidentiary hearing on the question of whether preliminary injunctive relief should be ordered in that action so as to allow Mr. Tellez to return to law school for the upcoming spring semester, the undersigned entered a lengthy ruling from the bench, determining that Mr. Tellez was not entitled to preliminary relief.  This Order refers to that ruling as "the 2003 Order."  The 2003 Order, 27 pages long as transcribed, set out the undersigned's analysis of the legal and factual issues which were before it at the hearing.  Based on detailed findings and conclusions, the 2003 Order determined that Mr. Tellez failed to demonstrate a substantial likelihood of success on the merits with respect to his disability discrimination claim or his breach of contract claim. (2003 Order, p. 25.)  The 2003 Order did not address the intentional infliction of emotional distress claim.

On January 20, 2004, approximately three weeks after the 2003 Order was entered, the parties in Tellez I, Mr. Tellez and OCU, filed a Stipulated Dismissal Without Prejudice of that action. The Stipulation was signed by attorneys for all parties. It provided, in its entirety, as follows.

> COME NOW the parties, by and through their counsel of record, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), stipulate to this dismissal of the above styled and numbered cause without prejudice to re-filing of the same.
>
> The parties also stipulate that the Order made by the Court from the bench on December 31, 2003, shall have collateral estoppel effect in any future action without precluding the plaintiff from submitting any new evidence for consideration in a subsequent proceeding.

Tellez II is a subsequent proceeding between the same parties as were involved in Tellez I. Tellez II does not include citation to any new evidence, and Mr. Tellez's response to the motion for summary judgment does not argue that he has any new evidence to support any of his claims.

### A. Disability Discrimination and Breach of Contract Claims

OCU argues that it is entitled to summary judgment on Mr. Tellez's disability discrimination and breach of contract claims because those claims are not viable in this "subsequent proceeding," based on the Stipulation which the parties entered into in Tellez I.

"A stipulation may...be binding in a subsequent action between the parties if the parties have manifested an intention to that effect." Restatement (Second) of Judgments § 27 cmt. e (1982). Here, the parties clearly intended their Stipulation to be binding in subsequent litigation as the Stipulation, by its own terms, references its "collateral estoppel effect in any future action...." As a general rule, a stipulation is a judicial admission binding on the parties making it, absent special considerations.

Vallejos v. C.E. Glass Co., 583 F.2d 507, 510 (10th Cir. 1978). No special considerations have been suggested for nullifying the parties' Stipulation that the 2003 Order shall have collateral estoppel effect; indeed, both parties argue that the Stipulation should be enforced.

The Stipulation states that the 2003 Order "shall have collateral estoppel effect in any future action without precluding the plaintiff from submitting any new evidence for consideration in a subsequent proceeding." Again, the parties agree and the law is clear, that the effect of collateral estoppel is to preclude issues from being litigated again between the same parties in any future lawsuit. *See*, Ashe v. Swenson, 397 U.S. 436, 443 (1970) (collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit").

For these reasons, the court finds and concludes that the Stipulation is an enforceable agreement between Mr. Tellez and OCU which is binding in this subsequent litigation and by which the parties agreed to give preclusive effect to the 2003 Order. This determination, however, merely sets up the principal question: what is the scope of the agreed upon preclusive effect?[1] Did the parties agree in the Stipulation, as Mr. Tellez's arguments presume, that the only issues which are precluded are any future requests Mr. Tellez might make for preliminary relief with respect to his disability and contract claims? Clearly, this is Mr. Tellez's argument, for he states that as the court decided no issues other than those related to the preliminary injunction in the 2003 Order, he "is not precluded from pursuing the

---

[1]Although the parties address the question of whether the legal prerequisites to the application of the doctrine of collateral estoppel are met here, that question is immaterial because collateral estoppel applies here not as a function of the law of collateral estoppel, but as a function of the parties' *agreement* to give the 2003 Order "collateral estoppel *effect* in any future action...." (Emphasis added.) In other words, the parties have agreed to be bound by the effects of the doctrine whether or not the doctrine would otherwise be applicable.

claims brought in this case, except that he may not seek preliminary injunctive relief." (Response brief, p. 9.) If this interpretation of the Stipulation is correct, then all issues other than Mr. Tellez's entitlement to preliminary relief, including all of the ultimate questions presented by Tellez I for adjudication on the merits, remain available for litigation. Or, on the other hand, did the parties agree in the Stipulation, as OCU's arguments presume, that, at least absent new evidence, there would be no future litigation of Mr. Tellez's claims for disability discrimination and breach of contract, the two claims addressed in the 2003 Order?

A judicial stipulation has characteristics of a contract and courts may employ basic contract interpretation principles to determine the intent of the parties as expressed in that Stipulation. *Cf.*, In re Laing, 31 F.3d 1050, 1051 (10th Cir. 1994) (although by agreement rather than litigation, stipulated judgment has the same effect as a district court's judgment on the merits);  18 Moore's Federal Practice 3d, §131.30[3][c][ii] "Dismissal Pursuant to Settlement Agreement" (noting the "dual character," as both a contract and a judgment, of judgments based on agreements of the parties, and stating that courts may use basic contract interpretation principles to determine the intent of the parties). Established rules of contract construction require the court to examine the entire Stipulation, giving meaning to every part, in order to determine the parties' intent. *See*, 15 O.S. § 157 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others"); Occidental Life Ins. Co. of Cal. v. Marmaduke Corbyn Agency, 187 F.2d 553, 555 (10th Cir. 1951) (stating rules of contract interpretation, including rule that effect must be given to every part of a contract, and applying those rules to find settlement agreement unambiguous).

Applying these rules, the court finds that Mr. Tellez's exceedingly narrow interpretation of the parties' agreement renders almost meaningless the Stipulation's

limitation that there will be no preclusive effect if Mr. Tellez has "any new evidence for consideration in a subsequent proceeding." Therefore, the court rejects Mr. Tellez's interpretation of the Stipulation and finds, instead, that the plain meaning of the Stipulation's limitation is that absent new evidence, the 2003 Order forecloses subsequent litigation of the two claims specifically addressed in the 2003 Order. Stated only slightly differently, the plain – and common sense – meaning of the Stipulation is that if there is only old evidence to support Mr. Tellez's disability and contract claims, then subsequent litigation of those claims is completely precluded.[2]

The court concludes that the Stipulation, when viewed in its entirety, is clear and unambiguous. Its plain meaning is that absent new evidence, no aspect of Mr. Tellez's disability or breach of contract claims will again be litigated by these parties. As it is undisputed that no new evidence has been presented by Mr. Tellez, and as there are no disputed issues of material fact, it is clear, as a matter of law, that this subsequent litigation of Mr. Tellez's disability and contract claims is precluded by the parties' agreement as set forth in their Stipulation and that OCU is entitled to summary judgment on these two claims.

---

[2] The court offers one final observation relevant to its conclusion that Mr. Tellez's interpretation of the Stipulation is at odds with the agreement's plain meaning. No part of the court's rulings stated in this Order rest upon this observation, however, because the court has no assurance that the record reflects all of the terms of the parties' agreement when they dismissed Tellez I. With that caveat, the court wonders what possible benefit either party would have realized from a Stipulation with as narrow a meaning as Mr. Tellez now proposes. If the parties intended for old claims based on old evidence to remain available for adjudication, except that there would be no future litigation of Mr. Tellez's entitlement to a preliminary injunction on the disability and contract claims, then that is exactly the position in which the court's order of December 31, 2003 left them: upon entry of the 2003 Order, any re-litigation of preliminary relief was foreclosed by the doctrine of law of the case and all of Mr. Tellez's claims remained viable for adjudication on their merits; the parties could have simply proceeded to final adjudication of all claims in Tellez I.

B.  Intentional Infliction of Emotional Distress Claim

OCU also moves for summary judgment on Mr. Tellez's intentional infliction of emotional distress claim, a claim which is not addressed in the 2003 Order.  OCU argues that damages for emotional distress due to negligence may only be recovered upon proof of the tort of negligence;  that Mr. Tellez has not identified any duty owed to the plaintiff by OCU or any acts which constituted a breach of any such duty;  that if Mr. Tellez has stated a claim for intentional infliction of emotional distress, he has no evidence that OCU actually breached any duty it might have owed to him or that he suffered any damages proximately caused by any such breach of duty; and that the 2003 Order forecloses subsequent litigation of any question concerning whether or not OCU breached any duty it might have owed Mr. Tellez based upon his alleged disability or based upon any alleged contract.

Mr. Tellez does not respond to any of these arguments.  Although his response asserts, in the most general manner, that the Tellez I Stipulation does not preclude him from pursuing "his claims," he does not specifically address the viability of his intentional infliction of emotional distress claim.

Having reviewed OCU's arguments and the parties' submissions, the court determines that it is appropriate to deem OCU's arguments for summary judgment on the emotional distress claim as having been confessed under LCvR7.2(e).  The court further determines that it is appropriate, under the standards of Fed. R. Civ. P. 56, to enter summary judgment on Mr. Tellez's intentional infliction of emotional distress claim.

III.  Conclusion

Therefore, after careful review of the parties' submissions and the relevant arguments and authorities, and being familiar with the proceedings and rulings in Tellez I, the court determines that defendant Oklahoma City University is entitled to

Case 5:04-cv-01400-F   Document 23   Filed 07/05/05   Page 8 of 8
-8-

summary judgment in its favor on all claims alleged in this action. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**.

Dated this 5th day of July, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-1400p005(pub).wpd